# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ALAN WAYNE THOMAS and PENNY )
  LUDWIG, as Co-Personal Representatives of )
  the Estate of CRAIG ALAN THOMAS, )
                                                                      )
      Plaintiffs, )
                                                                      )
vs. )      NO. CIV-10-932-D
                                                                      )
JENSEN INTERNATIONAL, INC., a Kansas )
  company, and JENCAST PRODUCTS, INC., )
  a Kansas company, )
                                                                      )
      Defendants. )

## **ORDER**

Before the Court is the Motion to Dismiss [Doc. No. 12] filed by Defendants Jensen International, Inc. ("Jensen") and Jencast Products, Inc. ("Jencast") Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U. S. C. § 1406(a), Defendants seek dismissal for improper venue. In the alternative, Defendants ask the Court to transfer this action to the United States District Court for the Northern District of Oklahoma in accordance with 28 U. S. C. § 1406(a) because venue is proper in the Northern District. Plaintiffs timely responded to the motion, and Defendants filed a reply.

As Defendants point out, the Amended Complaint asserts diversity jurisdiction, and alleges venue is proper pursuant to 28 U. S. C. § 1391. Amended Complaint ¶10. Although Defendants do not challenge the existence of diversity jurisdiction, they argue that the allegations fail to show that venue is proper in the Western District of Oklahoma; in fact, they contend the factual allegations establish there is no basis for venue here.

In response, Plaintiffs concede the factual allegations do not support venue. They state that this action was filed in the Western District of Oklahoma only because a related lawsuit, *Penny*

*Ludwig and Alan Wayne Thomas vs. Jeffrey Rader Corporation, et al.,* Case No. CIV-10-407-D, is pending here after its removal by Defendants from the District Court of Oklahoma County, Oklahoma. According to Plaintiffs, this action was filed because the removed lawsuit did not name Jensen and Jencast as defendants. Plaintiffs further state that they intend to move to consolidate the two lawsuits, as both are based on the acts or omissions which allegedly caused the death of Craig Alan Thomas ("Mr. Thomas"). Given these circumstances, Plaintiffs ask the Court to deny Defendants' motion to dismiss and instead transfer this action to the Northern District of Oklahoma, where the parties agree venue is proper.

As Defendants correctly point out, where subject matter jurisdiction is based on diversity of citizenship, venue is governed by 28 U. S. C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs' claims in this action are based on the death of Mr. Thomas, who was fatally injured while he was performing maintenance work in a silo elevator. In the First Amended Complaint, Plaintiffs allege that Thomas "died in South Coffeyville, Oklahoma, located in Nowata County, State of Oklahoma on October 29, 2008." First Amended Complaint [Doc. No. 1] ¶ 1. Plaintiffs also allege that Jensen is the parent corporation of Jencast, that both are Kansas corporations having their principal places of business in Coffeyville, Kansas, and both have registered service agents in South Coffeyville, Oklahoma. *Id.* ¶¶ 5-9. Plaintiffs allege the incident resulting in his Mr. Thomas's death occurred "at the Jencast work facility located in South Coffeyville, Nowata County,

Oklahoma." *Id.* at ¶11. According to the First Amended Complaint, at the time of his death, Mr. Thomas was a resident of South Coffeyville, Oklahoma, and Plaintiffs are the duly appointed co-personal representatives of his estate.[1] First Amended Complaint ¶¶ 2, 3.

As Defendants argue, the allegations in the First Amended Complaint establish venue cannot be based on 28 U. S. C. § 1391(a)(1) because they do not reside in the Western District. Plaintiffs agree that South Coffeyville, Oklahoma is in Nowata County, which is located in the Northern District of Oklahoma, and Plaintiffs do not dispute that both defendants reside in South Coffeyville. Defendants also correctly argue that, according to the express allegations in the First Amended Complaint, the events or omissions giving rise to the claims asserted did not occur in the Western District; instead, they occurred in the Northern District of Oklahoma. As a result, venue cannot be based on 28 U. S. C. § 1391(a)(2). Furthermore, venue pursuant to § 1391(a)(3) is not proper because it is apparent from the allegations that, although Defendants are subject to personal jurisdiction in this district, this action could have been brought in the Northern District.

In their response to the motion, Plaintiffs do not challenge Defendants' arguments; Plaintiffs, in fact, acknowledge that the § 1391(a) factual bases for venue in this District cannot be satisfied. However, they agree with Defendants that venue is proper in the Northern District of Oklahoma.

Upon review of the First Amended Complaint and consideration of Plaintiffs' express agreement that venue is not proper in the Western District, the Court concludes that the action may not properly proceed in this Court. Where venue is improper, the Court must apply 28 U. S. C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

---

[1] In their motion, Defendants state that Plaintiffs were appointed personal representatives in the estate proceeding pending in the District Court of Nowata County, Oklahoma, Case No. PB-2009-00006. Plaintiffs do not dispute that statement.

3

to any district or division in which it could have been brought." Section 1406(a) confers upon this Court the discretion to determine whether the action should be dismissed or transferred in the interests of justice. *Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (unpublished opinion) (citing *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F. 3d 1202, 1209 n. 3 (10th Cir. 2001). Pursuant to § 1406(a), the action "shall be dismissed" unless the Court finds the interests of justice will be served by transfer. *Id.*

As Defendants correctly state, the purpose of allowing a transfer of venue in lieu of dismissal under § 1406(a) is to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Defendants suggest that, where a plaintiff could have reasonably foreseen that venue was improper, transfer under the statute is not warranted. Defendants' brief at p. 5 (citing *Nichols v. G. D. Searle & Co.*, 991 F. 2d 1195, 1201 (4th Cir. 1993)).
Defendants argue that, because Plaintiffs in this case could readily have determined that venue is improper here, they should not be rewarded for their lack of diligence, and the interests of justice are not served by a transfer.

Although Defendants are correct in asserting that Plaintiffs could readily have recognized venue is improper here, the Court nevertheless finds that the interests of justice are not served by dismissing this action. The Northern District of Oklahoma is the proper forum for litigating this action, and Defendants will not be prejudiced by transferring the case there. While Plaintiffs should have considered the issue of venue before filing suit here, the related case was filed in Oklahoma County by other counsel, who later withdrew as counsel in the related case. Based on the record presented in connection with the removal, there was apparently no challenge to the propriety of

4

filing the related case in the District Court of Oklahoma County. That case was then removed to this Court. As Plaintiffs correctly note, the venue provisions in §1406(a) do not apply to a removed case, as removal venue is controlled by 28 U. S. C. § 1441(a), which provides that cases may be removed to the district court "for the district and division embracing the place where such action is pending." *Lundahl v. Public Storage Management, Inc.*, 62 F. App'x 217, 218 (10th Cir. 2003) (unpublished opinion)(citing *Polizi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (venue of removed cases is governed by § 1441(a) rather than by §1391))[2].

Under these unique circumstances, the Court concludes the interests of justice warrant transferring this action to the Northern District of Oklahoma, where the parties agree venue is proper pursuant to § 1391(a). Accordingly, Defendants' motion to dismiss [Doc. No. 12] is denied, but their alternative request to transfer this case is granted. The Court Clerk shall take the action necessary to effectuate the transfer of this case to the Northern District of Oklahoma.

IT IS SO ORDERED this 11th day of May, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs seem to suggest that the related case, which they intended to attempt to consolidate with the instant case, must remain here because the defendants have waived a challenge to the propriety of venue. Improper venue is waived pursuant to Fed. R. Civ. P. 12(h), if not asserted in an initial responsive pleading. *Stjernholm v. Peterson*, 83 F. 3d 347, 349 (10th Cir. 1996). However, that rule does not necessarily preclude a request to transfer venue under the doctrine of forum non conveniens. *Yavuz v. 61 MM, Ltd.*, 576 F. 3d 1166, 1173 (10th Cir. 2009) (citations omitted).